[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2005
THOMAS K. KAHN
CLERK

No. 04-15330
Non-Argument Calendar

_____

BIA No. A79-458-414

YUE JING ZHANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(June 8, 2005)

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Yue Jing Zhang petitions, pro se, for review of the decision of the Board of

Immigration Appeals (BIA) that affirmed, without opinion, the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture (CAT). We deny the petition.

Zhang, a citizen of the People's Republic of China, arrived in the United States on July 30, 2002. She filed an asylum application on November 25, 2002. Zhang alleged that she suffered past persecution on account of her political opinion because she did not agree with the repression of Falun Gong, a religious sect, by the Chinese government. Although Zhang was not a member of the sect, Zhang's grandfather was a practitioner of Falun Gong. Zhang testified that Chinese officials twice raided her home to arrest her grandfather, and after the second raid, the officials threatened to arrest her entire family if her grandfather did not surrender. Zhang's parents and grandfather went into hiding in Shen Zhen in China. Zhang escaped from China and came to the United States. Zhang argues that she fears she will be arrested if she returns to China because of her grandfather's association with Falun Gong and because she left the country illegally. The Immigration Judge denied Zhang's application for asylum and withholding of removal, because, Zhang, although credible, did not establish past persecution or a well-founded fear of future persecution or torture.

We review the decision of the Immigration Judge as if it were the decision

of the BIA, because the BIA adopted the decision of the Immigration Judge without opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "The IJ's findings of fact are reviewed under the substantial evidence test, and we 'must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Sepulveda v. United States Atty. Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (citation omitted). "Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id. (citation omitted).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). An alien who establishes, with specific and credible evidence either (1) past persecution on account of his or her membership in a particular social group, political opinion, or other statutorily listed factor, or (2) a "well-founded fear" that his or her membership in a particular social group, political opinion, or other statutorily listed factor will cause future persecution, is eligible for asylum. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289.

Substantial evidence supports the finding of the Immigration Judge that Zhang did not suffer past persecution or establish a well-founded fear of

persecution if she returned to China. "Although, the INA does not expressly define 'persecution' for purposes of qualifying as a 'refugee,' see 8 U.S.C. § 1101(a)(42), we have discussed other circuits' holdings that 'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" Id. at 1231. (citation omitted). Zhang did not establish past persecution or a well-founded fear of persecution.

At most, Zhang established that Chinese officials threatened to arrest her and her family because of her grandfather's religious opinion, not because of Zhang's religious or political opinion. In addition, as a result of the threat of arrest, Zhang's parents and grandfather relocated in China, apparently without further incident. This evidence does not compel the conclusion that she was persecuted or has a well-founded fear of persecution if she returns to China.

Neither did Zhang establish that she is entitled to withholding of removal under the INA. Zhang is entitled to withholding of removal under the INA if she can show that her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "This standard is more stringent than the 'well-founded fear' standard for asylum. . . . [B]ecause [Zhang] cannot meet the 'well-founded fear' standard for asylum, it is a fortiori

4

that [she] cannot meet the withholding of removal standard." D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004) (citations omitted).

Zhang's alternative theory of relief under the CAT also fails. To obtain withholding of removal under the CAT, Zhang must establish that it is "more likely than not" she will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2).

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). Zhang did not establish that it was "more likely than not" that she would be tortured if she is returned to China. Zhang's fear that she could be arrested is insufficient to establish that it is more likely than not that she will be tortured.

**PETITION DENIED.**